## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENCIA HARRIS, | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| Plaintiff, | : | |
| | : | **CIVIL DIVISION** |
| | : | |
| vs. | : | June Term, 2022; No. 02868 |
| | : | |
| MILLER'S ALE HOUSE, et. al., | : | CIVIL ACTION |
| | : | No.  2023-3349 |
| Defendants. | : | |

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF COURTS:

Defendant, Miller's Ale House ("MAH"), by and through its undersigned counsel, Vaughan Baio & Partners, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), averring as follows:

**1.** On June 30, 2022, Plaintiff, Kencia Harris ("Plaintiff"), filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania which was docketed as June Term, 2022, Civil Action No. 02868 ("State Court Action") against MAH and other defendants. *A true and correct copy of the Complaint is attached hereto as* **Exhibit "A."**

2.     According to the State Court Action, Plaintiff seeks damages for injuries allegedly sustained as a result of a slip and fall which occurred on or about September 11, 2021, at the MAH restaurant located at 2100 South Christopher Columbus Boulevard, Philadelphia, PA. *Id. at* ¶ 11.

3.     Indeed, the State Court Action alleges that, as a result of the subject slip and fall, Plaintiff sustained a number of personal injuries and other damages including, but not limited to:

> "various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries, head and back pain, and left knee, all to Plaintiff's great loss and detriment."

**Exhibit "A" at ¶ 14**.

4.      Plaintiff alleges she resides at 110 Richfield Road, Apt. 152, Upper Darby, PA 19082.

5.      Plaintiff is, therefore, a citizen of the Commonwealth of Pennsylvania.

6.      However, and importantly, MAH is incorporated in the State of Delaware and has its primary place of business at 5750 Major Boulevard, Suite 400, in Orlando, Florida.

7.      MAH is, therefore, a citizen of the State of Delaware and the State of Florida.

8.      While Defendant, Edward Handlon, is resident of the Commonwealth of Pennsylvania, at all times relevant hereto he was acting within the course and scope of his employment with MAH and, therefore, his residency is irrelevant for diversity considerations and/or his being named a party to this lawsuit is subject to the fraudulent joinder doctrine.

9.      Defendant, Stephen Barr, was dismissed from this action via stipulation on or about November 23, 2022. *A true and correct copy of the Stipulation is attached hereto as* **Exhibit "B."**

10.     Defendant, Delaware East Associates, LP, was dismissed from this action via stipulation on or about August 3, 2023. *A true and correct copy of the Stipulation is attached hereto as* **Exhibit "C."**

11.     Defendant, Delaware General Inc. (incorrectly identified as Delaware General, Inc. Delaware East Associates, LP), was dismissed from this action via stipulation on or about August 3, 2023. *Id.*

12.     Based on representations made by Plaintiff's counsel, the amount in controversy exceeds the jurisdictional limits for removal of $75,000 as required by 28 U.S.C. §1332(a).

13.     Removal is, therefore, based upon diversity jurisdiction pursuant to 28 U.S.C. §1332, appropriate at this juncture because Plaintiff and MAH – the only remaining legitimate

parties to the lawsuit – are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

14.     Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Eastern District of Pennsylvania for purposes of removal because the pending State Court Action was filed within the District and the Complaint alleges that the incident occurred within the District.

15.     This Notice of Removal is timely filed pursuant to 28 U.S.C. Section 1446(b)(3) in that it is being filed within thirty (30) days after it was ascertained that the case has become removable. *See* **Exhibit "C"**.

16.     By filing this Notice of Removal, MAH does not intend to waive its right to petition this Court to enforce any arbitration agreement between it and Plaintiff if Plaintiff does not voluntarily agree to do so.

**WHEREFORE**, based upon the foregoing, Defendants, Miller Ale House, Inc., hereby removes this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.


Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

By*:    /s/ Jeffrey L. Oster*

Date:  August 28, 2023

Jeffrey L. Oster, Esquire
Attorney I.D. No.:  204892
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA19103
T:  215-569-2400 | F:  215-665-8300
joster@vaughanbaio.com
*Attorneys for Defendant,*
*Miller Ale House, Inc.,*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing Notice

of Removal was electronically filed and served on all counsel of record via the Court's Electronic

Filing System and/or on unrepresented party by way of electronic mail or U.S. Mail, postage pre-

paid on August 28, 2023.

Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

By*:*   */s/ Jeffrey L. Oster*
Jeffrey L. Oster, Esquire
Attorney I.D. No.:  204892
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA19103
T:  215-569-2400 | F:  215-665-8300
joster@vaughanbaio.com

# EXHIBIT "A"

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the
Office of Judicial Records
30 JUN 2022 02:38 pm
A. STAMATO*

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Brian F. George, Esquire
Andrew Baron, Esquire
Joshua Baer, Esquire
Michael K. Simon, Esquire
Sam Reznik, Esquire
Mary G. McCarthy, Esquire
Harry Gosnear, Esquire
Daniel Ward, Esquire

Christopher Green, Esquire
Kane Daly, Esquire
Brittany Sturges, Esquire
Kelly Peterson, Esquire
Sarkis Dramgotchian, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire

Attorney ID No.'s:
*201798*

***Attorneys for Plaintiff***

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | |
|---|---|
| Kencia Harris<br>110 Richfield Rd, Apt 152<br>Upper Darby, PA 19082 <span>:</span><br><span>Plaintiff</span> <span>:</span><br> <span>:</span><br>v. <span>:</span><br> <span>:</span> | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>June Term 2022 |

Kencia Harris
110 Richfield Rd, Apt 152
Upper Darby, PA 19082
                              Plaintiff
v.

Miller's Ale House, Inc.
2100 S Christopher Columbus Blvd
Philadelphia, PA
                              And

Edward Handlon
2100 S Christopher Columbus Blvd
Philadelphia, PA
                              And

Stephen Barr
2100 S Christopher Columbus Blvd
Philadelphia, PA
                              And

Delaware East Associates., LP
Bldg 630
350 Sentry Pkwy, Ste 300
Blue Bell PA 19422
                              And

Delaware General, Inc.
Delaware East Associates., LP

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

June Term 2022

No.

Bldg 630                                        :
350 Sentry Pkwy, Ste 300                        :
Blue Bell PA 19422                              :
                                    Defendants  :

Case ID: 2206028€

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| | |

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-6300**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6300**

## COMPLAINT

1.  Plaintiff, Kencia Harris, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption of this Complaint.

2.  Defendant, Edward Handlon, is a resident in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 2100 South Christopher Columbus Boulevard in Philadelphia, PA.

3.  Defendant, Stephen Barr, is a resident in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 2100 South Christopher Columbus Boulevard in Philadelphia, PA.

4.  Defendant, Miller's Ale House, Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 2100 South Christopher Columbus Boulevard in Philadelphia, PA.

5.  Defendant, Delaware East Associates., LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 2100 South Christopher Columbus Boulevard in Philadelphia, PA.

Case ID: 220602868

6.   Defendant, Delaware General, Inc. Delaware East Associates., LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 2100 South Christopher Columbus Boulevard in Philadelphia, PA.

7.   Upon information and belief, Defendant regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

8.   At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 2100 South Christopher Columbus Boulevard in Philadelphia, PA, referred to hereinafter as "the premises."

9.   On or about September 11, 2021, at approximately 3:30PM, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

10. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

11. On or about September 11, 2021,, while on Defendants' premises Plaintiff was caused to slip and fall on a substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

12. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted

Case ID: 22060286

dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

### COUNT I
**Kencia Harris v. Miller's Ale House, Inc.**
**Negligence**

13. The negligence of Defendants consisted of, inter alia, the following:

    a.  Failure to clean up the liquid substance;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.  Failure to exercise the proper care, custody and control over the aforesaid premises.

14. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

Case ID: 220602868

aggravation of pre-existing conditions, and others ills and injuries, head and back pain, and left knee, all to Plaintiff's great loss and detriment.

15.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16.   As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

17.   As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kencia Harris, demands judgment in Plaintiff's favor and against Defendant, Miller's Ale House, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Kencia Harris v. Edward Handlon
### Negligence

19. The negligence of Defendants consisted of, inter alia, the following:

    a.   Failure to clean up the liquid substance;

    b.   Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

Case ID: 220602868

c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g.  Failure to exercise the proper care, custody and control over the aforesaid premises.

20. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, head and back pain, and left knee, all to Plaintiff's great loss and detriment.

21.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

22.  As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

23. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

24. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kencia Harris, demands judgment in Plaintiff's favor and against Defendant, Edward Handlon, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Kencia Harris v. Stephen Barr
### Negligence

25. The negligence of Defendants consisted of, inter alia, the following:

a.  Failure to clean up the liquid substance;

b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g.  Failure to exercise the proper care, custody and control over the aforesaid premises.

Case ID: 220602868

26. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, head and back pain, and left knee, all to Plaintiff's great loss and detriment.

27.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

28. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

29. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kencia Harris, demands judgment in Plaintiff's favor and against Defendant, Stephen Barr, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT IV**
**Kencia Harris v. Delaware East Associates., LP**
**Negligence**

Case ID: 22060286

31. The negligence of Defendants consisted of, inter alia, the following:

a.  Failure to clean up the liquid substance;

b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g.  Failure to exercise the proper care, custody and control over the aforesaid premises.

32. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, head and back pain, and left knee, all to Plaintiff's great loss and detriment.

33. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

34. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

Case ID: 220602868

35. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kencia Harris, demands judgment in Plaintiff's favor and against Defendant, Delaware East Associates., LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT V
### Kencia Harris v. Delaware General, Inc. Delaware East Associates., LP
### Negligence

37. The negligence of Defendants consisted of, inter alia, the following:

a. Failure to clean up the liquid substance;

b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g. Failure to exercise the proper care, custody and control over the aforesaid premises.

Case ID: 220602868

38. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, head and back pain, and left knee, all to Plaintiff's great loss and detriment.

39. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

41. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

42. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Kencia Harris, demands judgment in Plaintiff's favor and against Defendant, Delaware General, Inc. Delaware East Associates., LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

*Marc Simon/s*

MARC I. SIMON, ESQUIRE

*Attorney for Plaintiff*

Case ID: 220602868

## VERIFICATION

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Marc Simon/s*

Marc I. Simon

## **VERIFICATION**

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
*Attorney for Plaintiff*
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | |
|---|---|
| Kencia Harris : | COURT OF COMMON PLEAS |
| 110 Richfield Rd, Apt 152 : | PHILADELPHIA COUNTY |
| Upper Darby, PA 19082 : | |
|          Plaintiff : | June Term 2022 |
| v. : | |
| : | |
| Miller's Ale House, Inc. : | No. |
| 2100 S Christopher Columbus Blvd : | |
| Philadelphia, PA : | |
|          And : | |
| Edward Handlon : | |
| 2100 S Christopher Columbus Blvd : | |
| Philadelphia, PA : | |
|          And : | |
| Stephen Barr : | |
| 2100 S Christopher Columbus Blvd : | |
| Philadelphia, PA : | |
|          And : | |
| Delaware East Associates., LP : | |
| Bldg 630 : | |
| 350 Sentry Pkwy, Ste 300 : | |
| Blue Bell PA 19422 : | |
|          And : | |
| Delaware General, Inc. : | |
| Delaware East Associates., LP : | |
| Bldg 630 : | |
| 350 Sentry Pkwy, Ste 300 : | |
| Blue Bell PA 19422 : | |
|         Defendants : | |

## PLAINTIFF'S(S') REQUESTS FOR ADMISSIONS - SET I
### Premises Liability Cases

Pursuant to Pennsylvania Rule of Civil Procedure 4014, Defendant(s) is required to admit

or deny, with verification and within thirty (30) days, the truth of the below statements.

If your response is not an unequivocal admission, then pursuant to Pennsylvania Rules of Civil Procedure 4006 and 4009.12, you are required to set forth all facts and to identify and produce all documents explaining why your response is not an unequivocal admission.

## DEFINITIONS

Plaintiff incorporates the definitions set forth in Plaintiff's(s') Interrogatories and Request for Production of Documents previously served upon Defendant(s).

## RULES OF CONSTRUCTION

In construing these discovery requests:

1. The singular shall include the plural and plural shall include the singular.

2. A masculine, feminine or neuter pronoun includes the other genders.

3. "And" and "or" shall be construed both conjunctively and disjunctively to bring within the scope of the document requests any information which might otherwise be construed to be beyond its scope.

4. The past tense includes the present tense where the meaning is not distorted by a change of time.

## INSTRUCTIONS

1. In response to each request for admission, you shall admit the matter in question, specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

2. If you deny any request for admission, the denial shall fairly meet the substance of the requested admission and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

3.   The fact that a matter of which an admission is requested presents a genuine issue for trial is not grounds for objecting to the request for admission.

4.   If you assert a claim of privilege or work product in responding or objecting to any request for admission, and information is not provided on the basis of such assertion:

     a.   identify the nature of the privilege asserted;

     b.   if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked;

     c.   with respect to the information requested, state whether any documents exist; and

     d.   with respect to the information requested, state whether any oral communications took place.

5.   You shall timely supplement their answers to these requests for admission.

## REQUESTS FOR ADMISSION TO EACH DEFENDANT PURSUANT TO Pa.R.C.P. 4014

1.   There are no other entities, persons, agencies and/or any parties which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property identified in Plaintiff's Complaint, including those delegated such responsibilities by the Defendant and/or any other parties.

**ANSWER**


2.   There were no video cameras or other recording devices which, if working, would have recorded the area of where Plaintiff's accident occurred at the time of said accident.

**ANSWER**

3.      There were video cameras or other recording devices which recorded the area of where Plaintiff's accident occurred at the time of said accident, but said devices were inoperable at said time.

**ANSWER**

4.      There were video cameras or other recording devices which recorded the area of where Plaintiff's accident occurred at the time of said accident and said devices were operable at said time but no video or other media was recoverable from said devices.

**ANSWER**

5.      If any of your responses request for admissions #'s 1-4 are anything other than a denial, we hereby request you supply us with a copy of the video.

## **INTERROGATORY**

1.      If any of your responses to requests for admissions are anything other than unqualified admissions, set forth all facts, witnesses and documents upon which the denials or partial denials are based.

**RESPONSE:**

## **REQUEST FOR PRODUCTION**

1.      Produce any and all documents reviewed, relied upon, or identified in answering the preceding requests.

**RESPONSE:**

BY:_____/s_____
                Marc I. Simon, Esquire

DATE:  July 8, 2022

**SIMON & SIMON, P.C.**
Marc I. Simon, Esquire
*Attorney for Plaintiff*
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | |
|---|---|
| Kencia Harris<br>110 Richfield Rd, Apt 152<br>Upper Darby, PA 19082 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
|                          Plaintiff | June Term 2022 |
| v. | |
| Miller's Ale House, Inc.<br>2100 S Christopher Columbus Blvd<br>Philadelphia, PA | No. |
|             And | |
| Edward Handlon<br>2100 S Christopher Columbus Blvd<br>Philadelphia, PA | |
|             And | |
| Stephen Barr<br>2100 S Christopher Columbus Blvd<br>Philadelphia, PA | |
|             And | |
| Delaware East Associates., LP<br>Bldg 630<br>350 Sentry Pkwy, Ste 300<br>Blue Bell PA 19422 | |
|             And | |
| Delaware General, Inc.<br>Delaware East Associates., LP<br>Bldg 630<br>350 Sentry Pkwy, Ste 300<br>Blue Bell PA 19422 | |
|             Defendants | |

## **PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S)**

Pursuant to the Pennsylvania Rules of Civil Procedure, the Plaintiff(s) hereby serve(s) the following interrogatories upon Defendant(s), to be answered separately and fully, in writing, under oath, within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A.      "You" or "your" shall mean Defendant(s), his/her agents, employees, attorneys, representatives, insurance companies, claims managers, adjusters and all other persons acting or purporting to act for or on his behalf.

B.      "Property" and/or "Premises" shall mean the location reference in Plaintiff's(s') Complaint where Plaintiff's(s') alleged fall occurred.

C.      "Person" or "persons" shall mean any natural individual or any corporation, firm, partnership, proprietorship, association, business, governmental entity, joint venture, board, authority, commission, agency, or other entity or organization.

D.      "Document" shall mean any original, written, type written, handwritten, printed, electronic or recorded material, and any tapes or disks and copies of transcripts thereof, now or at any time in your possession, custody or control; without limiting the generality of the foregoing definition, but for purposes of illustration, "document" includes any letter, internal accident or incident report, memorandum, note, log book, note book, electronic mail, contract, agreement, workpaper, audit paper, spread sheet, study, report, record, calendar, notice, deposition, minutes of meetings of Board of Directors or of shareholders of a corporation, job minutes, program, computation, accounting sheet, work pad, diary, legal opinion, message, telegram, brochure, computer printout, invoice, billing, graph, projection, financial statement, balance sheet, journal entry, confirmation, blueprint, architectural drawings, advice or other items, whether in

manuscript, handwritten, typewritten, printed, electronic, magnetic, or other forms of recordation of any kind, and whether in original or in copy form.

     E.    "Identify" or "identity," when used with reference to a natural person, means to state: (a) his or her full name, address and telephone number (whether present or last known) and (b) the full name, address and telephone number of each of his or her employers (whether present or last known).

     F.    "Identify" or "identity," when used with reference to a person other than a natural person, means to state: (a) the full name of the entity, the type of entity (*e.g.*, corporation, partnership, etc.), its jurisdiction and date of incorporation or organization, the address and telephone number of its principal place of business, its principal business activity, and all jurisdictions in which it transacts or is licensed to transact business; and (b) the identity of the natural person or persons within the entity who made or were involved in making the decision, act or transaction in question.

     G.    "Identify" or "identity," when used with reference to a document, means to state: (a) the identity of the person who prepared it; (b) the identity of the person who signed it and/or over whose name it was issued; (c) the identity of the person to whom it was addressed or distributed and/or who received it; (d) its nature and substance; (e) its date and the date on which it was prepared; (f) each of its identifying numbers, titles, subject matter or reference designations; and (g) its present location(s) and the identity of its custodian(s). If any document which you are requested to identify is no longer in your possession, custody or control or is no longer in existence, in addition to providing all of the information requested in the previous sentence, state also: (a) whether such document is missing, lost, destroyed, transferred to other persons, or the manner in which it was otherwise disposed or discarded; (b) the authorization for

such disposition; (c) the date of such disposition; and (d) the present location and custodian of such document.

H.     "Identify" or "identity," when used in reference to a communication, shall mean to state: (a) the date when the communication occurred; (b) the type of communication (*e.g.*, meeting, telephone, etc.); (c) the identity of the persons who made and who received the communication; (d) the place(s) where the communication was made and where it was received; (e) the identity of the person(s) who was present when the communication was made and/or received; and (f) the identity of all documents that refer or relate to the communication.

I.     "Incident," "Accident," or "Occurrence" shall refer to Plaintiff's(s') claimed fall referenced in Plaintiff's Complaint in this matter.


## II. **RULES OF CONSTRUCTION**

In construing these discovery requests:

A.     The singular shall include the plural and plural shall include the singular.

B.     A masculine, feminine or neuter pronoun includes the other genders.

C.     "And" and "Or" shall be construed both conjunctively and disjunctively to bring within the scope of the Interrogatory any information which might otherwise be construed to be beyond its scope.

D.     The past tense includes the present tense where the meaning is not distorted by a change of time.

## III. **CLAIMS OF PRIVILEGE**

If you withhold any information, including any document or communication, sought by any discovery request on the basis of a claim of privilege, work product or any reason, you must:

(1) state the nature of the  privilege claimed or the basis for withholding the information requested and as to the specific information withheld; (2) if pertinent, identify the attorney with respect to whom the privilege is claimed; (3) identify every communication or document which refers or relates to the information; (4) if pertinent, identify each person who heard or may have heard the communication; (5) if pertinent, identify each person who read, received, or possessed the document or a copy of the document; and (6) if pertinent, identify any portion of the document or communication that is not privileged.

## IV.  **INSTRUCTIONS**

A.      Where requested, you are to produce all documents within your possession, custody or control.

B.      Each Interrogatory is to be answered by you separately and fully, in writing and under oath, within thirty (30) days after service of these interrogatories, unless it is objected to, in which event the reasons for the objection should be stated in a manner which would enable the Court to decide on the merit of the objection.

C.      When a complete answer to a particular discovery request is not possible, the discovery request must be answered to the extent possible and a statement made indicating why only a partial answer is given and what must occur before a complete answer may be given.

D.      In lieu of identifying any document or communication, you may attach a true copy of such document or communication as an exhibit to your answers to these interrogatories along with an explicit reference to the Interrogatory to which each such attached document or communication relates.

E.  If you object to any portion of an Interrogatory, provide all information called for by that portion of the interrogatory to which you do not ob

F.      These interrogatories shall be deemed continuing, so as to require additional answers if further information is obtained between the time the answers are served and the time of trial.  Such additional answers shall be served not later than ten (10) days after such additional information is received or before trial, whichever is earlier.

G.      You are cautioned that at the close of discovery, Plaintiff(s) may move to exclude any evidence or testimony not disclosed in your responses to these interrogatories.

### **PLAINTIFF'S(S') INTERROGATORIES DIRECTED TO DEFENDANT(S)**

1.      Identify, by name, title, residence and business address(es), the following individuals:

(a)      All persons who last examined or inspected the Property and the area in and around the specific location of the Incident, prior to the Incident;
**ANSWER**

(b)      All persons who first examined or inspected the area in and around the specific location of the Incident, subsequent to the Incident;
**ANSWER**

(c)      All persons who installed, removed, or altered in any way any object in and around the area where the Incident occurred.
**ANSWER**

(d)      All persons present on the Property on the date of the Incident.
**ANSWER**

(e)     All employees and/or independent contractors employed by Defendant(s) prior to, on and/or subsequent to the date of the Incident.
**ANSWER**

(f)     All Statements obtained by or on behalf of Defendants, or any other Statements known or believed by Defendant(s) to have been obtained from any of the persons identified in (a), (b), (c), (d), and/or (e) identify all persons providing such statements, whether the said Statements were written or oral, and identify all persons in possession, custody and/or control of such Statements.
**ANSWER**

2.     Except as set forth in 1 above, identify, by name, title, residence and business address(es) and their employers, all persons, including potential expert witnesses (and their field of expertise), from whom Defendant(s)or anyone acting on Defendant's(s') behalf has obtained any information as to how the Accident happened, the cause of the Accident or alleged resulting injuries.
**ANSWER**

3.     Did Defendant, or anyone acting on behalf of the Defendant, receive any reports or complaints from any source prior to the Accident, concerning the conditions of the Property including, but not limited to the area around the specific location where the incident occurred?  If so, state:

(a)     When:

(b)     From whom received:

(c)     The nature of each such report or complaint;

(d)     Any and all action(s) taken by Defendant(s) in response thereto:

(e)      The name, address and job title of the person(s) who has custody, possession and/or control of such reports or complaints.

**ANSWER**


4.      Were any repairs or changes made to area around the specific location of the Incident or the Property in general after the accident occurred?  If so, state when they were made, the kind of repairs or changes made, and identify who made such repairs or changes, as well as whose decision it was to initiate the repairs or changes.

**ANSWER**


5.      Set forth the names and addresses of all persons, other than the Plaintiff, who have made a claim against the Defendant(s) for injuries or damages allegedly occurring in substantially the same area and/or manner and/or relating to slipping and/or falling at the Defendant's(s') property during the time the property was owned by Defendant(s), preceding this accident.  If lawsuits have been filed concerning any of those claims, state the Commonwealth or State and County in which suit was filed, court term and number.

**ANSWER**


5(a).    Set forth the names and addresses of all persons, other than the Plaintiff, who have made a claim against the Defendant(s) for injuries or damages allegedly occurring in substantially the same area and/or manner and/or relating to slipping and/or falling at the Defendant's(s') property during the time the property was owned by Defendant(s), from the date of this accident through today.  If lawsuits have been filed concerning any of those claims, state the Commonwealth or State and County in which suit was filed, court term and number.

**ANSWER**

6.      At the time of the accident, were the premises where the Accident occurred possessed, controlled and/or maintained by the Defendant(s)?  If not, identify who did possess, control and/or maintain them.
**ANSWER**

7.      Are the premises where the Accident occurred owned or leased by the Defendant(s).  If leased, state:

      (a)      From who said premises are leased:

      (b)      Date of said lease;
**ANSWER**

8.      State any violations of the local, Township and/or County Ordinances or Codes for which Defendant(s)or anyone acting on Defendant's(s') behalf were cited regarding the Property as well as the date of said violations and attach copies of all citations and/or violations.
**ANSWER**

9.      Were there any signs, barriers, or anything else at or near the scene of the alleged accident (or instrumentality) warning of any problems, or defects to the Property, including but not limited to the specific area where the Plaintiff(s) fell? If so, state:

      (a)      When said warnings were placed at the scene and by whom:

    (b)    Describe exactly, what the warning was and the exact dimensions of said warning.

    (c)    The exact location of said warning.

**ANSWER**

10.    State whether or not the Defendant(s) or anyone acting on behalf of the Defendant(s) is in the possession, custody and/or control of or knows of the existence of any photographs, sketches, reproductions, charts, maps or diagrams of the scene of the Accident, and if so, state:

    (a)    The date(s) they were taken or made;

    (b)    The name, title, residence and business address of the person(s) taking them and in the possession, custody and/or control of them;

    (c)    The subject or object of the particular site or view of each of them.

**ANSWER**

11.    Is Defendant's(s') name correct as it appears in the complaint?  If not, provide the correct name for purposes of litigation.

**ANSWER**

12.    Was/were Defendant(s) insured by any carrier for liability and/or excess (i.e. "umbrella") benefits applicable to the Accident?  If so, identify by name and address the insurance carrier and the exact name of the insured and the amount of applicable liability insurance benefits.

**ANSWER**

13.    If you contend that Plaintiff(s) was/were guilty of comparative negligence, then fully and specifically describe upon what conduct, acts or omissions of Plaintiff you base your contention. If you contend that any other party, person and/or entity is responsible for Plaintiff's injuries,

damages and/or losses, then fully and specifically describe upon what conduct, acts or omissions of such party, person and/or entity you base your contention.
**ANSWER**

14.    If you have engaged, or expect to engage healthcare professionals' and/or other expert witnesses (i.e. accident reconstructionist), whom you intend to have testify or whose report you intend to submit at trial on your behalf on any matter pertaining to this action, state:
Finter

(a)    The name of the expert;

(b)    The expert's professional address;

(c)    The expert's occupation;

(d)    The expert's specialty;

(e)    The expert's qualifications (i.e. Curriculum Vitae);

(f)    The topic or subject matter upon which expert is expected to testify;

(g)    The substance of the facts to which the expert is expected to testify;

(h)    The substance of the opinion to which the expert is expected to testify;

(i)    A summary of the grounds for each opinion the expert is expected to testify.
**ANSWER**

15.    If you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff, state:

(a)    By whom (name and address of company and individual);

(b)    The date(s) of such surveillance;

(c)    The time(s) of such surveillance;

(d)    The location(s) of such surveillance;

     (e)      The method by which such surveillance was made;

     (f)      A summary of what such surveillance reveals.

**ANSWER**

16.    At the time of the alleged accident or immediately thereafter, did you (or your agent(s), servant(s), worker(s) and/or employee(s) have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in your presence.  If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it occurred, and attach copies of any and all statements

**ANSWER**

17.    For all persons or entities whom provided services related to the area at and around where Plaintiff allegedly fell, including the installing and/or removal of any equipment and/or objects, state the following:

    (a) name;

    (b) address;

    (c) telephone number;

    (d) dates and/or time periods in general when they provided these services;

    (e) whether they made you aware of the metal bladed edge on your property.

**ANSWER**

18.    Set forth your name, business address, the position you currently hold with Defendant's(s') company, and the position you held, if at all, on the date of the Incident:

**ANSWER**

19.     State the name, address (present or last known) and telephone number of the person who was responsible for the maintenance and/or repairs at the Premises as of the date and time of the incident:
**ANSWER**

20.     Identify all documents in existence as of the date of the Incident describing precautions, rules or operating principles and/or procedures regarding cleaning, maintaining, inspecting, waxing and/or policing the floors, including but not limited to the carpets, mats and rugs on the Premises:
**ANSWER**

21. Identify by name and address the employees or personnel of the Defendant(s)whose duty it was to clean, maintain and/or inspect the area of the Incident on the Premises on the day of the Incident, both before and after the incident:
**ANSWER**

22. How did the Defendant(s) first learn of the incident?
**ANSWER**

23.     Did Defendant(s) or any entity or person at Defendant's(s') request perform any post-incident inspection, cleaning, repair, or change of the location where the Incident was alleged to have occurred?
**ANSWER**

24.     Describe any substance, including the composition of the substance and its general appearance in or on the area where the Incident occurred:
**ANSWER**

25.     Were any changes made to the area where Plaintiff(s) allege(s) s/he/they fell as a result of Plaintiff's(s') fall or for any other reason between the date of the Incident and today?

**ANSWER**

26.     For the 24-hour period preceding the Incident, did Defendant(s) maintain any type of writing regarding the cleaning, inspection, and/or general maintenance of the area where Plaintiff(s) allege(s) s/he/they fell?

     a.     If so, who has a copy of the writing and what information is included in the writing.

**ANSWER**

27.     For the 24-hour period subsequent to the Incident, did Defendant(s) maintain any type of writing regarding the cleaning, inspection, and/or general maintenance of area where Plaintiff(s) allege(s) s/he/they fell?

     a.     If so, who has a copy of the writing and what information is included in the writing.

**ANSWER**

28.     Identify all restaurant licenses you had at the time of the Incident including the dates on which you applied for the license(s) and the dates upon which they were issued.

**ANSWER**

29.     Identify the person(s) in charge of maintaining this Premises and the person(s) in charge of maintaining all of Defendant's(s') properties throughout Pennsylvania and the United States.

**ANSWER**

30.     State the corporate structure of the Defendant's(s') business entities, including names and home addresses of all officers, directors, partners, shareholders, members and/or managers, and the dates each person joined each entity.

**ANSWER:**

31.     State the date and content of any filings with Commonwealth of Pennsylvania regarding the entities listed in Interrogatories 38.

**ANSWER:**

BY:_____/s_____

MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff(s)*

# EXHIBIT "B"

KENCIA HARRIS,

         Plaintiff,

   vs.

MILLER'S ALE HOUSE, INC; et. al.,

         Defendants.

:
:
:
:
:
:
:
:
:
:



Filed and Attested by the
Office of Judicial Records

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY,
PENNSYLVANIA

CIVIL ACTION - LAW
No. 2022-02868

## PARTIAL STIPULATION OF DISMISSAL

AND NOW, this 23rd day of November 2022, come the parties, by and through their undersigned counsel, and hereby **STIPULATE** that all claims and cross claims asserted against Defendant, Stephen Barr, are hereby dismissed. This stipulation does not affect any other claims being asserted by Plaintiff in this matter.

**SIMON & SIMON PC**

By:  /s/ Marc I. Simon
    Marc I. Simon, Esquire
    Christopher Green, Esquire
    18 Campus Boulevard, Suite 100
    Newtown Square, PA  19703
    *Counsel for Plaintiff*

**VAUGHAN BAIO & PARTNERS**

By:   /s/ Jeffrey L. Oster
    Jeffrey L. Oster, Esquire
    50 Park Place, Suite 1003
    Newark, NJ 07102
    *Counsel for Defendant,*
    *Stephen Barr*

Approved

J.

**RECEIVED**

NOV 2 8 2022

N. ERICKSON
MAJOR JURY

220602868-Harris Vs Miller?S Ale House, Inc. Etal


22060286800043

**DOCKETED**

NOV 2 8 2022

N. ERICKSON
MAJOR JURY

#PM6NH04P0D1313v3

Case ID: 220602868
Control No.: 22114669

# EXHIBIT "C"

Kencia Harris,

    v.

Miller's Ale House, Inc., et al

:
:
:
:
:
:

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

No: 220602868

## STIPULATION TO DISMISS

It is hereby **STIPULATED AND AGREED** among all parties, by and through their undersigned counsel, that pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure, that Defendants Delaware East Associates, LP and Delaware General, Inc. (incorrectly identified as "Delaware General, Inc. Delaware East Associates, LP") are hereby dismissed from all causes of action, including any cross-claims, in the above-captioned matters, without prejudice.

It is further **AGREED** that this Stipulation may be signed in counterparts.

/s/ *Christopher Green*
_____
Marc Simon Esquire
Christopher Green, Esquire
*Attorneys for Plaintiff*

8/2/23
_____
Date

*Timothy J Kepner*
_____
Timothy J. Kepner, Esquire
*Attorney for Defendants*
*Delaware East Associates, LP and*
*Delaware General, Inc. (incorrectly*
*identified as "Delaware General, Inc.*
*Delaware East Associates, LP")*

8/3/2023
_____
Date

/s/ Jeffrey L. Oster (Authorization to e-sign given
Jeffrey L. Oster, Esquire    via email on 8/2/2023)
*Attorney for Defendants*
*Miller's Ale House, Inc., Edward*
*Handlon, and Stephen Barr*

8/2/2023
_____
Date

APPROVED BY THE COURT:

8/25/2023
_____
             J.

220602868-Harris Vs Millers Ale House, Inc. Etal


22060286800061

Case ID: 220602868
Control No.: 23073584