IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KENCIA HARRIS, | CIVIL ACTION |
|---|---|
| v. | NO. 23-03349 |
| MILLER'S ALE HOUSE, INC., ET AL. | |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

**Baylson, J.**                                                                                                                November 13, 2023

This case arises from an alleged slip-and-fall accident that occurred on or about September 11, 2021 at Defendant Miller's Ale House, Inc.'s property. For the following reasons, the Motion to Remand will be granted.

I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in the Philadelphia Court of Common Pleas in June 2022. See ECF No. 1. In her Complaint, Plaintiff alleges that on or about September 11, 2021, she slipped and fell on a substance that was on the floor of Defendants' premises, causing her serious and permanent personal injuries. Compl. ¶ 11. Plaintiff alleges that Defendants negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including the conditions which directly resulted in Plaintiff's injuries. Id. ¶ 12.

Plaintiff initially brought suit against multiple defendants, alleging negligence against each defendant, but after obtaining further information, dismissed her case against all but two defendants: (1) Miller's Ale House and (2) Edward Handlon, who on information and belief was the acting manager on duty at Miller's Ale House at the time of the alleged incident. See ECF No. 8, ¶¶ 4, 16. Both Plaintiff and Defendant Edward Handlon are residents of the

Commonwealth of Pennsylvania.  Id. at 7.  Defendant Miller's Ale House is incorporated in the State of Delaware and has its principal place of business in the State of Florida.  Id.

On August 28, 2023, Defendant Miller's Ale House filed a Notice of Removal. Defendant Miller's Ale House concedes that Defendant Hanlon is a resident of the Commonwealth of Pennsylvania, as is Plaintiff, but asserts that since Defendant Hanlon "was acting in the course and scope of his employment with [Miller's Ale House]…his residency is irrelevant for diversity considerations and/or his being named a party to this lawsuit is subject to the fraudulent joinder doctrine."  See ECF No. 1, Notice of Rem. ¶ 8.

## II. PARTIES' CONTENTIONS

Plaintiff filed a Motion to Remand to State Court pursuant to 29 U.S. Code § 1447(c), asserting that there is no diversity of citizenship between the parties since both Plaintiff and Defendant Handlon are residents of the Commonwealth of Pennsylvania, and thus this Court lacks diversity jurisdiction.  ECF No. 8 at 5, ¶ 19.  In the alternative, Plaintiff seeks leave to amend her Complaint to include additional allegations against Defendant Handlon to show this Court's lack of jurisdiction.  Id. ¶ 20.

Defendants Miller's Ale House and Edward Handlon counter that Plaintiff's Motion to Remand should be denied because Plaintiff fraudulently joined Defendant Hanlon to this lawsuit solely to defeat diversity jurisdiction.  ECF No. 9 at 1.  Defendants argue that in email exchanges between counsel for both parties, Plaintiff agreed to voluntarily dismiss Defendant Handlon if Defendant Miller's Ale House "agree not to remove to federal court."  Id. at 4.  Defendants assert that there is no reasonable basis in fact to support any claims against Mr. Handlon and that Plaintiff has no good faith intention to prosecute this action against him in an individual capacity. ECF No. 9-1 at 2.  Defendants point to medical records as evidence that Plaintiff's injuries stem

from her falling into a hole while walking down the street instead of falling at Miller's Ale House.  Id. at 3.  Defendants additionally argue that Defendant Handlon should be dismissed from this lawsuit because the Complaint only alleges nonfeasance against him.  Id. at 6.

### III. DISCUSSION

    a. **Legal Standard for Remand and Fraudulent Joinder**

Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires…complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

The doctrine of fraudulent joinder functions as an exception to the complete diversity requirement.  Under this doctrine, a defendant is permitted to remove an action notwithstanding a lack of complete diversity "if [the diverse defendant] can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  Id. at 216.  However, if a non-diverse defendant is properly joined, the Court must remand the case for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); CNA v. United States, 535 F.3d 132,145-46 (3d. Cir. 2008) ("[T]he [c]ourt may dismiss for lack of subject matter jurisdiction at any time.").

The removing party has a "heavy burden of persuasion" to show that joinder of the non-diverse defendant is fraudulent.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Joinder is only fraudulent (1) "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant," or (2) where there is "no real intention in

3

good faith to prosecute the action against the defendants or seek a joint judgment." Id. (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)) (internal quotations omitted). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that joinder was proper and remand the case to state court." Id. "Where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." Batoff, 977 F.2d at 851 (internal citation and quotation marks omitted).

In evaluating fraudulent joinder, the Court:

> [M]ust focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the state of controlling substantive law in favor of the plaintiff.

Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52). The Court may take a limited look beyond the pleadings to consider "reliable evidence" proffered by the defendant in support of removal. See Briscoe, 448 F.3d at 219-20 (holding that a district court could consider evidence in the record of prior proceedings and matters subject to judicial notice in determining whether the plaintiffs could make a colorable argument to overcome the non-diverse defendants' statutory limitations defense). However, the Third Circuit has made clear that the district court must <u>not</u> conduct a merits determination when evaluating fraudulent joinder and must not convert a jurisdictional inquiry into a motion to dismiss:

> [T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.

Batoff, 977 F.2d at 852. To succeed on a claim of fraudulent joinder, the removing party must show that the plaintiff's claim against the non-diverse defendant is "wholly insubstantial and frivolous." Id. Furthermore, "all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 113; Batoff, 977 F.2d at 851.

### b. No Fraudulent Joinder Established in this Case.

Here, Defendants have not met the heavy burden of persuasion to establish fraudulent joinder. The facts underlying this case are analogous to numerous prior slip-and-fall cases where courts in this district have found that joinder was not fraudulent. See, e.g., Rubino v. Genuardi's, Inc., 2011 WL 344081, at *4 (E.D.Pa. Jan. 31, 2011) (Baylson, J.) (finding that Plaintiff's negligence claims against (1) the store in which he was injured during a slip-and-fall and (2) the non-diverse store manager were not "wholly insubstantial or frivolous"); Beck v. Albertson's, Inc., 2005 WL 3111782, at *3 (E.D.Pa. Nov. 21, 2005) (same); Wilson v. Acme Markets, Inc., 2005 WL 1201000 at *1 (E.D.Pa. May 18, 2005) (same).

While Plaintiff and Defendants dispute the cause of Plaintiff's alleged injuries—Plaintiff alleges in her Complaint that her injuries were sustained from the slip-and-fall on Miller's Ale House premises and Defendants argue that they were sustained from Plaintiff falling into a hole while walking down the street—this Court's analysis must focus on Plaintiff's Complaint at the time the petition for removal was filed in evaluating whether Defendant Handlon was fraudulently joined. This Court may not conduct a merits determination at this stage. See Briscoe, 448 F.3d at 219 (cautioning that the "district court must not step from a threshold jurisdictional issue into a decision on the merits" when evaluating whether joinder was fraudulent) (internal citation and quotation marks omitted).

Under these guiding principles, Plaintiff's claim against Defendant Handlon, who was allegedly the manager on duty at Miller's Ale House at the time of the alleged incident, is neither "wholly insubstantial" nor "frivolous."  Plaintiff asserts a negligence claim against Defendant Handlon, alleging, inter alia:

- Failure to clean up the liquid substance,
- Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant condition,
- Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care, and
- Failure to request and supervise period inspections of the premises.

ECF No. 1, Compl. ¶ 19.  Negligence claims against a manager relating to a slip-and-fall incident, like the claim Plaintiff asserts here against Defendant Handlon, are colorable under Pennsylvania law.  See Rubino v. Genuardi's Inc., 2011 WL 344081, at *4 (Jan. 31, 2011) (citing Beck v. Albertson's, Inc., 2005 WL 3111782, at *3 (E.D.Pa. Nov. 21, 2005) (citing Myers v. Penn Traffic Co., 414 Pa. Super. 181, 606 A.2d 926, 928 (Pa. Super. Ct. 1992) (discussing duty of care owed by store owners and their agents to patrons).  Thus, Defendants have not shown that there is no reasonable basis in fact or colorable ground supporting the negligence claim against Defendant Handlon.[1]

---

[1] Defendants point to three cases in this District—— Aldorasi v. Crossroads Hospitality & Mgmt. Co., LLC, 344 F. Supp. 3d 814, 823 (E.D.Pa. 2018), Kane v. Wal-Mart Stores East, LP, 2018 WL 6840154, at *5 (E.D.Pa. Dec. 31, 2018), and Jackson v. Burlington Coat Factory, 2017 WL 3534983, at *3-4 (E.D.Pa. Aug. 17, 2017) ——to support their contention that there is no colorable claim of negligence against Defendant Handlon under the "participation theory" of liability in Pennsylvania because Plaintiff's Complaint sets forth only allegations of nonfeasance, and not allegations of misfeasance, against Defendant Handlon.  The Ahearn Court addresses the same three cases (cited by both the Defendants in that case and in the present case), and states that these cases "appear to have relied on a Rule 12(b)(6) pleading standard as opposed to a fraudulent standard.  Moreover, two of the cases were ultimately

Likewise, Defendants have not met their "heavy burden of persuasion" to establish that Plaintiff has "no real intention in good faith to prosecute the action against the defendant." See Boyer, 913 F.2d at 111. In support of their contentions that Plaintiff lacks good faith, Defendants point to email exchanges between counsel for the parties which Defendants contend provides proof that Plaintiff would agree to voluntarily dismiss Defendant Handlon from the lawsuit if Miller's Ale House agreed to not remove the case to federal court. Resolving all doubts in favor of remand, as this Court is obligated to do, this Court does not find that Defendants have met their heavy burden of establishing that Plaintiff has no real intention in good faith to prosecute the action against Defendant Handlon. See Lopez v. Home Depot, Inc., 2008 WL 2856393, at *4 (E.D.Pa. July 22, 2008) (rejecting Defendants' argument that plaintiffs had "no evidence, or reason to believe [the manager of Home Depot store], individually, caused or contributed to the alleged accident" where the fact that this defendant was a manager at the Home Depot store where the injury occurred "provide[d] a reasonable basis for plaintiffs to suppose that [the manager] owed a duty of care to the plaintiffs, and that [plaintiffs'] injury may have been caused by a breach of this duty.")

Since this Court finds that there are colorable grounds supporting the claim against Defendant Handlon and Defendants have not met their "heavy burden of persuasion" to establish that Plaintiff has no real intention in good faith to prosecute the action against Defendant Handlon, this Court must remand to the state court.

---

remanded to state court upon the recognition that a negligence claim against a store manager is in fact colorable." Ahearn v. BJ's Wholesale Club, Inc., 2020 WL 1308216 at *4 (E.D.Pa. March 18, 2020). This Court agrees with the analysis in Ahearn, where the District Court makes clear that "[w]hile Defendants' arguments [regarding allegations of nonfeasance] may be appropriate for a Rule 12(b)(6) motion to dismiss analysis, that issue cannot be considered until I determine whether I have subject-matter jurisdiction over this case." Id. at *3.

7

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is granted. An appropriate order follows.

O:\CIVIL 23\23-3349 Harris v. Miller's Ale House\Harris v. Miller Ale House Memorandum re Motion to Remand.docx